**AMITY FABRICS, INC., Appellant,**

v.

**Ben DORFMAN et al., individually, and as Commissioners of the United States Tariff Commission, Appellees.**

**No. 17971.**

United States Court of Appeals
District of Columbia Circuit.

Argued July 18, 1963.

Decided July 29, 1963.

———◆———

Mr. George Bronz, Washington, D. C., argued the motion for summary reversal or for injunction pendente lite for appellant. With him on the motion was Mr. Eugene Gressman, Washington, D. C.

Mr. Sherman L. Cohn, Atty., Dept. of Justice, argued for appellees. With him on the opposition to appellant's motion

1. Public Law 87–456, 87th Cong., 2d Sess., 76 Stat. 72 (1962).

2. Section 2 of Public Law 86–795, 86th Cong., 2d Sess., 74 Stat. 1051, reads: "In order to insure a correct interpretation of the provision 'waterproof cloth'

were Asst. Atty. Gen. Douglas and Mr. David C. Acheson, U. S. Atty.

Before DANAHER, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant filed an action "in the nature of mandamus" in the District Court wherein it sought to compel the Tariff Commission to include in the Tariff Schedules of the United States, to be published by the President pursuant to Section 101(d) [1] of the Tariff Classification Act of 1962, a particular classification dealing with "waterproof cloth." The District Court granted summary judgment for the defendant-appellee, and this appeal followed. Pending appeal on the merits, appellant has moved for summary reversal, and, alternatively, for an injunction *pendente lite* restraining the publication of the tariff. These motions are denied.

The United States Tariff Commission made reports to Congress in November, 1960, and January, 1962, proposing new tariff schedules. These proposed schedules were incorporated in the Tariff Classification Act of 1962. In that Act, Section 101(b) (4), Congress directed the inclusion of only those changes in the proposed schedules *"as the Commission decides * * * are necessary to reflect changes in tariff treatment made by statute * * *"* before or after the date of enactment of the Tariff Classification Act of 1962. (Emphasis supplied.) In making changes, Congress directed that "the Commission shall apply the standards it applied in its report of November 15, 1960, referred to above." Section 101(b) (4).

Appellant relies on Section 2 [2] of Public Law 86–795, passed September 15, 1960, as requiring a "change in tariff treatment" for waterproof cotton cloth

in paragraph 907, Tariff Act of 1930, it is hereby declared that it was and is the true intent and meaning of paragraph 907 to limit the term, 'waterproof', when applied to cloth, 'wholly or in chief value of cotton or other vegetable fiber, whether or not in part of India rubber,' to cloths of a

which must be, and is not, reflected in the new tariff schedules soon to be published pursuant to the Act. Appellees deny that Public Law 86–795 provides for a "change in tariff treatment" and rely, in any event, on the fact that in its November 15, 1960, report to Congress outlining the proposed tariff schedules, the traditional waterproof cloth provision was excluded, with a full explanation as to why. The Commission stated that "the existing tariff provisions with respect to coated or filled fabrics are fragmentary and poorly arranged," and that "it does not seem desirable or feasible to establish a classification for fabrics on the basis of water repelling unassociated with a coating or filling concept." Appellant maintains that Public Law 86–795 requires a separate classification for waterproof cotton cloth.

This Commission proposal for revised tariff schedules was filed with Congress two months after the passage of Public Law 86–795. These proposed schedules lay before Congress for a year and a half before being enacted into law in the Tariff Classification Act of 1962. They showed Congress that the Commission did not feel that Public Law 86–795 required a separate classification for "waterproof cloth." And the explanation filed with the proposed schedules explained to Congress why. Under the circumstances, it must be assumed that Congress, in passing the Tariff Classification Act of 1962, agreed with the position of the Commission as reflected in its November 15, 1960, report.

In view of our disposition of the motions we need not reach other grounds asserted as a basis for denial of the relief sought. The appeal on the merits will be heard in due course, but without prejudice to a motion to expedite the hearing on the merits.

So ordered.

kind generally used in the manufacture of articles which are designed to afford protection against water to the extent expected in raincoats, protective sheeting, dress shields, umbrellas, and similar articles. Even when cloth possesses water re-

pelling characteristics, it is not classifiable as waterproof cloth within the meaning of paragraph 907, Tariff Act of 1930, unless it is of a kind generally used in the manufacture of articles of the class specified in the preceding sentence."